IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES L. SANDERLIN,

                        Plaintiff,

v.                                  Action No. 3:07–CV–526

COLUMBIA GAS TRANSMISSION
CORP.,

                        Defendant.

MEMORANDUM OPINION

This matter is before the Court to determine whether jurisdiction under 28 U.S.C. § 1332 is proper.

1.

At issue in this suit is the width of an easement. Columbia operates two pipelines on land in Goochland County owned by Sanderlin and subject to an easement granted in 1956. The easement provides that the pipelines "shall be constructed and maintained below cultivation, so that [Sanderlin] may fully use and enjoy the premises, subject to the rights of [Columbia] to maintain and operate [the pipelines]." The width of the easement is not specifically stated, but Sanderlin alleges that the easement is "clearly delineated by a growth of mature trees that line [its] east and west sides." Sanderlin also alleges that in February 2007, Columbia announced that it plans to "clear cut" a swath of trees sixty feet wide so that it could "conduct aerial surveillance of the underground pipeline." Sanderlin argues that doing so would violate the easement.

Sanderlin filed suit in Goochland County Circuit Court, seeking declaratory relief, and Columbia removed the suit to this Court pursuant to 28 U.S.C. § 1441, alleging that Sanderlin refuses to allow Columbia to prevent trees from encroaching on its right of way. On August 29, 2007, the Court ruled that it lacked jurisdiction pursuant to 28 U.S.C. § 1331 and directed the parties to file briefs addressing the Court's jurisdiction under 28 U.S.C. § 1332. See Long v. Silver, 248 F.3d 309, 314 n.2 (4th Cir. 2001) (stating that subject matter jurisdiction must be verified).

2.

A civil action brought in a state court may be removed to a federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441. A federal court has original jurisdiction over a civil action if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. § 1332(c)(1). The party removing a suit bears the burden of showing that removal is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see Lien v. H.E.R.C. Prods., Inc., 8 F. Supp. 2d 531, 532 (E.D. Va. 1998) (ruling that the party removing a suit must prove that the amount in controversy exceeds the jurisdictional amount).

A.

Sanderlin is a resident of Virginia, and Columbia is incorporated in Delaware. In 2003, the Fourth Circuit affirmed a ruling that Columbia is also a citizen of West Virginia. Columbia Gas Transmission Corp. v. Burdette Realty Improvement, Inc., 62 Fed. App'x 544 (4th Cir.

2003) (unpublished table decision), aff'g 102 F. Supp. 2d 673 (S.D. W. Va. 2000)). The Fourth Circuit approved the reasoning of the district court, which held that Columbia's principal place of business was in West Virginia, applying the "place of operations" test. Burdette, 102 F. Supp. 2d at 678–79; see Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999) (stating that, in the context of 28 U.S.C. § 1332(c), a corporation's "principal place of business" may be (1) its "nerve center," the place "where the corporation's officers direct, control, and coordinate its activities" or (2) its "place of operations," the location "where the bulk of corporate activity takes place"). While at least one court has applied the "nerve center" test to a different gas company, one with "far-flung and varied" operations, see Moore v. Cabot Oil & Gas Corp., 2007 WL 1302546, slip op. at 3 (S.D. W. Va. May 2, 2007), this Court is bound by the Fourth Circuit's determination in Burdette that Columbia's principal place of business is in West Virginia.

That finding is consistent with the position taken by the majority of other courts that have addressed this issue recently. See, e.g., Columbia Gas Transmission Corp. v. Ally, 2006 WL 2505902, slip op. at 1 (N.D. Ohio 2006) (unpublished). The Fourth Circuit's ruling also reflects the legislative history of 28 U.S.C. § 1332, which "supports the conclusion that emphasis typically should be placed on the locus of operations rather than where policymaking functions are carried out." 13B Charles Alan Wright et al., Federal Practice & Procedure § 3625 (2d ed. 2007) (explaining that in its place of operations, a corporation has the greatest contact with the public and is least likely to suffer from prejudice against outsiders).

Thus, since Columbia is a citizen of Delaware and West Virginia and Sanderlin resides in Virginia, the parties are diverse.

B.

The amount in controversy is "measured by the value of the object of the litigation." Hunt v. Wash. Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). That value may be determined from either party's viewpoint. Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). The Fourth Circuit has not established the standard of proof that applies to this issue, although some courts in the circuit have applied a "preponderance of the evidence" standard. See, e.g., Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996).

For Columbia, the object of this litigation is to prevent trees from encroaching on its pipelines. Columbia alleges that the value of the pipelines, the value of preventing encroachments on the pipelines, the cost to re-locate the pipelines, and the amount of harm that could result from Columbia's failure to maintain the pipelines all exceed $75,000. Columbia provided an affidavit by one of its vice-presidents and oral testimony by a manager, who was subject to cross-examination, that supported its allegation that the amount in controversy in this suit exceeds $75,000. Based on that affidavit and oral testimony, the Court finds that Columbia has satisfied its burden of showing that the amount in controversy in this suit satisfies 28 U.S.C. § 1332(a). Cf. Glenwood Light Co. v. Mut. Light Co., 239 U.S. 121 (1915) (holding, in a suit seeking the removal of equipment that was interfering with the operation of power lines, that the amount in controversy includes the value of preventing similar harm from occurring in the future); Columbia Gas Transmission Corp. v. Tarbuck, 62

F.3d 538, 542–43 (3d Cir. 1995) (ruling, in a suit involving an easement for a power line, that the cost of re-locating the power line was relevant to determining the amount in controversy).

3.

Since the parties are diverse and the amount-in-controversy requirement is satisfied, the Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441 to hear this suit. Accordingly, the stay entered in this case is LIFTED.

It is SO ORDERED.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this ___15th___ day of October 2007

5